UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| LINDA JOHNSON,<br><br>               Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Comm.,<br>Social Security Administration,<br><br>               Defendant, | ) ED CV 08-01704-SH<br>)<br>) MEMORANDUM DECISION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## I. **PROCEEDINGS**

This matter is before the Court for review of the Decision by the Commissioner of Social Security denying plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the

Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed a joint stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

On September 13, 2006, Plaintiff, Linda Johnson filed an application for Supplemental Security Income alleging an inability to work since June 1, 1998, due to disability. The claim was denied initially on January 18, 2007, and upon reconsideration on May 2, 2007. The Plaintiff filed a timely written request for a hearing before the Administrative Law Judge (ALJ) on May 21, 2007. The Plaintiff appeared and testified at a hearing held on June 10, 2008 in San Bernardino, CA. (AR 4-18). Following receipt of a Decision denying benefits on June 30, 2008, Plaintiff sought review to the Appeals Council. The Appeals Council declined review on September 25, 2008. (AR 1-3).

Plaintiff makes six challenges to the ALJ's determination. Plaintiff alleges that the ALJ erred 1) in failing to properly consider treatment reports regarding Plaintiff's right shoulder pain; 2) in failing to provide legally sufficient reasons for rejecting the opinions of Plaintiff's treating psychiatrist; 3) in failing to properly consider State Agency findings regarding Plaintiff's physical limitations; 4) in failing to properly consider State Agency findings regarding Plaintiff's mental limitations; 5) in failing to make proper credibility findings about Plaintiff's testimony and 6) in failing to properly consider the type, dosage, and side effects of Plaintiff's prescribed medications.

Each of Plaintiff's contentions will be addressed in turn.

**ISSUE NO. 1:** <u>The ALJ Properly Considered Treatment Reports Regarding Right Shoulder Pain</u>

Plaintiff asserts that the ALJ failed to properly consider treatment reports regarding Plaintiff's right shoulder pain. In response, Defendant argues that the ALJ

properly considered the treatment notes regarding Plaintiff's right shoulder pain.

A treating physician's opinion is entitled greater weight than that of an examining physician. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)); 20 C.F.R § 416.927 (d) (1). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, supra (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 n.7 (9th Cir. 1989)). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R §416.927 (b)- (d). "The [Commissioner] may disregard the treating physician's opinion whether or not that opinion is contradicted." Magallanes v. Bowen, supra (citing Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986)). A treating physician's medical opinion unsupported by medical findings, personal observations, or test results may be rejected. See Burkart v. Bowen, 856 F. 2d 1335, 1339 (9th Cir. 1988).

A medical opinion is considered uncontroverted if all the underlying medical findings in the record of plaintiff's physical impairments are similar. Sprague v. Bowen, supra. "To reject the uncontroverted opinion of a claimant's physician, the [Commissioner] must present clear and convincing reasons for doing so." Magallanes v. Bowen, supra (citing Rodriguez, supra, 876 F.2d at 761-62); see also Morgan v. Apfel, 169 F.3d 595, 596 (9th Cir. 1999) ("When a non-treating physician's opinion contradicts that of the treating physician—but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician—the opinion of the treating physician may be rejected only if the ALJ gives 'specific, legitimate reasons for doing so that are based on substantial evidence in the record.'"; Montijo v. Secretary of Health & Human Servs., 729 F.2d 599, 601 (9th Cir. 1984).

Contrary to Plaintiff's contention, the ALJ properly considered the treating

source reports including the medical reports and follow up visits regarding Plaintiff's shoulder impairment. (AR 12). Substantial evidence supported the ALJ's finding that the Plaintiff's right shoulder did not constitute a significant physical impairment. (AR 12).

In making his Decision, the ALJ carefully considered and evaluated the Plaintiff's right shoulder pain. The ALJ noted that the Plaintiff was treated for what was thought to be right shoulder tendinitis, that an MRI showed a partial tear of the inferior surface of the tendon of the rotator cuff with slight tendonitis and tendonopathy, and that right shoulder x-rays were normal. (AR 12, 282-283). The ALJ further noted that a January 2007 physical examination showed a limited range of motion in the right shoulder, a positive drop test and tenderness, a full range of motion of the elbow and cervical spine, and no muscle atrophy or neurological deficits. (AR 12, 280-281). The ALJ also discussed that while treating physician, Dr. Michael Vizcarra diagnosed impingement syndrome of the right shoulder and recommended a cortisone injection and physical therapy, there was no evidence of further treatment for the condition. (AR 12, 280-281).

As such, while the ALJ accepted that Plaintiff has an impingement syndrome of the right shoulder, the ALJ properly concluded that the Plaintiff's shoulder impairment did not meet or equal the criteria specified in the 1.00 (musculoskeletal system) for listed impairments. (AR 10, 12). In addition, as the Defendant notes, Plaintiff not receiving treatment for her impingement syndrome further supports ALJ's finding that Plaintiff's shoulder impairment was not disabling. Also, while Plaintiff asserts that the ALJ improperly "rejected the treating source reports regarding Plaintiff's shoulder restrictions without legally sufficient reasons," there are no treatment records indicating substantial shoulder restrictions.

Plaintiff argues that certain specific findings of the medical reports and follow-up visits were not discussed in ALJ's Decision. The ALJ need not discuss all evidence presented and is only required to explain why "significant evidence has

been rejected." <u>Vincent v. Heckler</u>, 739 F.2d 1393, 1394-1395. (9th Cir. 1984). In making findings, an ALJ may draw inferences logically from the evidence. <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir. 1982). A reviewing court may draw specific and legitimate inferences from the ALJ's opinion. It is proper for a court to draw inferences from the ALJ's opinion discussing relevant physician's findings and opinion "if those inferences are there to be drawn." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 755 (9th Cir. 1989). In the present case, the ALJ discussed the significant findings concerning its assessment of the right shoulder pain; however, the ALJ was not required to note every piece of evidence used in his determination. Hence, the ALJ properly considered and assessed the treating source reports regarding Plaintiff's right shoulder.

**ISSUE NO. 2:** <u>The ALJ Properly Considered the Opinions of the Treating Psychiatrist</u>

Plaintiff asserts that the ALJ improperly rejected the opinions of Plaintiff's treating psychiatrist, Dr. Umakanthan, without providing legally sufficient reasons. Specifically, the Plaintiff contends that the ALJ discredited Dr. Umakanthan's "Work Capacity Evaluation," dated August 30, 2007 without providing legally sufficient reasons. In response, Defendant argues that the ALJ properly rejected the opinions of Plaintiff's treating psychiatrist.

A treating physician's opinion is entitled greater weight than that of an examining physician. <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (citing <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir. 1987)); 20 C.F.R § 416.927 (d) (1). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." <u>Magallanes v. Bowen</u>, supra (citing <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 761-62 n.7 (9th Cir. 1989)). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the

record. 20 C.F.R §416.927 (b)- (d). "The [Commissioner] may disregard the treating physician's opinion whether or not that opinion is contradicted." Magallanes v. Bowen, supra (citing Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986)). A treating physician's medical opinion unsupported by medical findings, personal observations, or test results may be rejected. See Burkart v. Bowen, 856 F. 2d 1335, 1339 (9th Cir. 1988).

A medical opinion is considered uncontroverted if all the underlying medical findings in the record of plaintiff's physical impairments are similar. Sprague v. Bowen, supra. "To reject the uncontroverted opinion of a claimant's physician, the [Commissioner] must present clear and convincing reasons for doing so." Magallanes v. Bowen, supra (citing Rodriguez, supra, 876 F.2d at 761-62); see also Morgan v. Apfel, 169 F.3d 595, 596 (9th Cir. 1999) ("When a non-treating physician's opinion contradicts that of the treating physician—but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician—the opinion of the treating physician may be rejected only if the ALJ gives 'specific, legitimate reasons for doing so that are based on substantial evidence in the record.'"; Montijo v. Secretary of Health & Human Servs., 729 F.2d 599, 601 (9th Cir. 1984).

Dr. Jeremiah Umakanthan is Plaintiff's treating psychiatrist who has treated Plaintiff intermittently since February 2004. (AR 13). The ALJ provided clear and convincing reasons for not providing much weight to Dr. Umakanthan's report by pointing to insufficient objective medical evidence, and internal inconsistency between Dr. Umakanthan's reports and other evidence. (AR 16).

As discussed by the ALJ, although Dr. Umakanthan stated that Plaintiff had complained of auditory and visual hallucinations, he did not provide supportive objective findings. (AR 16, 297). Further, the ALJ noted that a State Agency psychiatrist reported that "the recently noted psychotic symptoms are not verified by objective signs, and appear more in line with what is reported in response to

stress, rather than endogenous psychotic illness." (AR 16, 302). Also, as discussed by the ALJ, Dr. Umakanthan never indicated that Plaintiff was medically non-compliant and frequently missed appointments, despite treatment records indicating that Plaintiff missed appointments and was medically non-compliant. (AR 14, 16). In fact, the ALJ noted that Dr. Umakanthan contradicted his own treatment notes by reporting that Plaintiff "seems to understand medication regimen and follow as instructed." (AR 16, 298). Moreover, Social Security Ruling 96-7p states that if a claimant fails to follow a treatment plan recommended by a claimant's physicians without a good reason, she will be found "not disabled." See 20 CFR 416.930; AR 14. As such, the ALJ discussed sufficient and legitimate reasons for discounting Dr. Umakanthan's opinion.

**ISSUE NO. 3:**   The ALJ Properly Considered the Opinions of the State Agency Physician

Plaintiff asserts that the ALJ improperly rejected the opinions of Dr. Wahl, a state agency physician, regarding Plaintiff's physical limitations. The Defendant argues that the ALJ properly rejected Dr. Wahl's opinion.

According to the Social Security Ruling (SSR) 96-6p, "findings of fact made by state agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an impairment(s) must be treated as expert opinion evidence of a non-examining source." ALJ's may not ignore these opinions and must explain the weight given to these opinions in their decisions. Id.

Non-examining physician opinions "with nothing more" cannot constitute substantial evidence. Andrews v. Shalala, 53 F. 3d 1035, 1042 (9th Cir. 1995). However, the opinion of a non-examining testifying medical physician may serve as substantial evidence when supported by and consistent with other evidence in the record. Morgan v. Apfel, 169 F.3d 595 (9th Cir. 1999).

The ALJ sufficiently weighed the evidence provided by Dr. Wahl and properly adopted a light functional capacity based on the mild objective findings and objective evidence. (AR 15). The State Agency review physicians determined that Plaintiff was limited to light exertion, with limitations to frequent pushing and pulling with the right upper extremity, no overhead reaching with the right upper extremity; no climbing ladders, ropes, or scaffold; no more than occasional climbing ramps and stairs; and no more than occasional crawling. (AR 15, 304-308).

The ALJ provided sufficient explanation for not adopting the state agency physician's opinion on Plaintiff's shoulder restriction. The ALJ indicated that there was insufficient evidence to show that the Plaintiff endures chronic pain or is impaired when performing the functions reported by the State Agency. (AR 15). The ALJ also noted that Plaintiff had not received any recent treatment for her shoulder condition since her four month period of treatment from September 2006 to January 2007. (AR 15). While Dr. Michael Vizcarra diagnosed impingement syndrome of the right shoulder and recommended a cortisone injection and physical therapy, there is no evidence of further treatment for the condition. (AR 12). Hence, the ALJ noted that Plaintiff did not follow the recommended treatment plan. Further, as discussed in Issue 1, the ALJ adequately evaluated evidence concerning the Plaintiff's right shoulder pain and properly concluded that there was insufficient evidence to conclude a disabling physical impairment. (AR 12).
As such, the ALJ provided sufficient reasons for not accepting the shoulder restrictions reported by the State Agency.

**ISSUE NO. 4:** <u>The ALJ Properly Considered The Opinions Of The State Agency Psychiatrist</u>

Plaintiff asserts that the ALJ failed to properly consider and discuss the opinion of state agency physician Dr. Gregg. Plaintiff argues that Dr. Gregg's Mental Residual Capacity Assessment dated December 19, 2006 was not discussed

in the ALJ's Decision. The Defendant argues that the ALJ properly evaluated medical evidence concerning Plaintiff's mental limitations.

Dr. Gregg's Mental Residual Capacity Assessment dated December 19, 2006 reported that the Plaintiff is moderately limited in her ability to understand, remember and carry out detailed instructions, complete a normal work week without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods, and the ability to interact appropriately with the general public. (AR 253-254).

As the Defendant notes, while the ALJ did not specifically refer to Dr. Gregg by name, the ALJ discussed the moderate mental limitations of the Mental Residual Capacity Assessment. The ALJ noted that the Plaintiff has moderate difficulties in activities of daily life and social functioning. (AR 10). The ALJ discussed that Plaintiff has moderate difficulties with regard to concentration, persistence or pace. (AR 10). The ALJ also noted that Plaintiff has no episodes of decompensation. (AR 10).

Moreover, the ALJ properly considered and translated the paragraph "B" and "C" findings into work-related functions in the residual functional capacity analysis. (AR 10-11). The ALJ determined that Plaintiff is limited to habituated work involving 3-5 steps of instructions, and that Plaintiff cannot perform work involving complex tasks, or more than moderate stress. (AR 11). Moreover, as the Defendant notes, the ALJ's finding that Plaintiff should not be exposed to complex tasks or more than moderate stress is consistent with Dr. Gregg's Mental Residual Capacity Assessment. Hence, the ALJ properly evaluated the State Agency physician's assessment of Plaintiff's mental limitation.

///

///

**ISSUE NO. 5:** <u>The ALJ Made a Proper Credibility Finding</u>

9

Plaintiff argues that the ALJ failed to make proper credibility findings regarding Plaintiff's testimony, and failed to provide legally sufficient reasons for discounting Plaintiff's credibility. In response, Defendant argues that the ALJ provided sufficiently specific reasons for discrediting Plaintiff's testimony.

The Commissioner's assessment of plaintiff's credibility should be given great weight. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). "If the ALJ's decision is based on a credibility assessment, there must be an explicit finding as to whether the plaintiff's testimony was believed or disbelieved and the testimony must not be entirely discounted simply because there was a lack of objective findings." Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986). Furthermore, if the Commissioner chooses to disregard plaintiff's testimony, the Commissioner must set forth specific cogent reasons for disbelieving it. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); Holohan v. Massanari, 246 F.3d 1195 (9th Cir. 2001). Once the plaintiff produces objective medical evidence of an underlying impairment, the ALJ may still reject the plaintiff's excess pain testimony, but only by setting forth clear and convincing reasons for doing so. Light v. Social Sec. Admin., 119 F.3d 780, 792 (9th Cir. 1997); Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

In evaluating a claimant's credibility, the ALJ may consider the claimant's reputation for truthfulness, inconsistencies within the claimant's testimony or as between his testimony and conduct, the claimant's daily activities, work history, as well as testimony from physicians or third parties concerning the nature, severity, and effect on the symptoms of which the claimant complains. Light, supra; see also Reddick, supra (although disability claimants should not be penalized for trying to lead normal lives despite their limitations, when the level of their activities are inconsistent with their claimed limitations, those activities have a bearing on the claimants' credibility).

In his Decision, the ALJ provided substantial evidence for discounting the

credibility of Plaintiff's testimony. Among other factors, the ALJ's credibility determination considered Plaintiff's inconsistent testimony, work-related activities, medical non-compliance, and failure to follow treatment plans. (AR 14-15).

The ALJ provided specific and legitimate inconsistencies in the Plaintiff's testimony. Plaintiff stated that she compulsively cleans her house all day, but reported sleeping during the day. (AR 15, 167, 169). While she stated having back pain when standing or cooking, she can prepare frozen meals, pizza and sandwiches. (AR 15, 169). Even though she reported a dislike for going outside because of being afraid of people, she drives and shops. (AR 15, 170). Further, at times she socializes and goes places alone. (AR 171).

Moreover, the ALJ pointed to inconsistencies between Plaintiff's testimony and objective evidence. While Plaintiff stated a difficulty tying shoes and putting on shirts and pants, evidence did not show her shoulder impairment affecting her to such an extent. (AR 15). Further, while she reported having difficulty sleeping, hearing things and seeing things that are not there, there is no objective evidence documenting psychotic symptoms. (AR 15, 174). Also, there is no evidence indicating that her back impairment causes extreme limitations. (AR 15).

In addition, the Plaintiff's daily activities, if rigorous enough to be a fair proxy for the demands of work, can constitute a basis to find allegations of disabling pain (or other subjective symptoms) not credible. Fair v. Bowen, 885 F. 2d 597, 603 (9th Cir. 1989) (daily activities may be reason to discredit excess pain allegation if claimant is able to spend a substantial part of the day performing activities that are transferable to a work setting). As discussed in ALJ's Decision, the Plaintiff engages in a variety of activities which can be transferred to work-related activities. (AR 14-15). For example, she helps her three school aged children get ready for school and prepares frozen meals, pizza and sandwiches. (AR 14-15, 169).

Further, the ALJ may find that a claimant's refusal of recommended course

of treatment, or her failure to take a prescribed medication that would alleviate the alleged disabling symptoms, supports a finding that the claimant is not credible. See 20 CFR §404.1530 (a) and 416.930 (a) ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work."); 20 CFR 404.1530 (b) and 416.930 (b) ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled."); Fair v. Bowen, 885 F. 2d 597, 603 (9th Cir. 1989). The ALJ noted that Plaintiff was consistently medically non-complaint, and failed to receive follow up treatments without any good reason. She consistently missed appointments with her psychiatrist, Dr. Umakanthan, and failed to follow his medical directions. (AR 13-14, 291,292,312, 315, 316, 354, 355, 358, 359). Accordingly, the ALJ provided clear and convincing reasons for determining that Plaintiff's testimony was not entirely credible.

**ISSUE NO. 6:** <u>The ALJ Properly Considered the Effects of Plaintiff's Medications</u>

Plaintiff asserts that the ALJ failed to properly consider the type, dosage, and side effects of Plaintiff's prescribed medications. In response, Defendant argues that the ALJ properly assessed the side-effects of Plaintiff's medication.

In evaluating symptoms, the Social Security Ruling 96-7p requires consideration of the type, dosage, effectiveness and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms. See 20 C.F.R §416.929 (c)(3)(iv) 20; §404.1529 (c) (3) (iv). Further, the ALJ must consider any symptom-related functional limitations and restrictions, such as medication side effects, that are consistent with the objective medical evidence or other evidence. See §20 C.F.R 416.929 (c)(3)(iv).

Plaintiff contends that the ALJ denied Plaintiff's disability claim based on her medical non-compliance and that her tiredness symptoms resulting from her Seroquel dosage could explain her non-compliance. This argument is without merit.

As discussed in issue 5, Plaintiff's non-compliance was one of many factors that the ALJ considered for discounting Plaintiff's credibility. Moreover, as the Defendant notes there is very minimal evidence regarding the side effect of being tired from Plaintiff's dosage of Seroquel which was reported only once in June 19, 2007. (AR 319). In addition, there was no evidence to suggest that this side effect effected serious functional limitations and restrictions.

Furthermore, a symptom that diminishes the capacity for work activities must last for a continuous period of at least 12 months. See §20 C.F.R 416.929 (c)(4). In the present case, as the Defendant notes, the Plaintiff's alleged side effect did not meet the 12-month durational requirement. Plaintiff reported feeling tired during the day from Seroquel on June 12, 2007. (AR 319). However, she did not report experiencing side effects on July 19, 2007(AR 318), or August 28, 2007 (AR 316). Plaintiff failed to come to three visits (AR 317) and she did not report further side effects on other visits (AR 312, 313, 316).

In addition, Plaintiff argues that the ALJ failed to consider the dosage changes to Plaintiff's medications. Contrary to Plaintiff's contention, the ALJ is not required to mention every detail of the record in his Decision and is only required to explain why "significant evidence has been rejected." Vincent v. Heckler, 739 F.2d 1393, 1394-1395. (9th Cir. 1984). Also, the ALJ may draw inferences logically from the evidence. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Also, there was no evidence indicating that the dosage changes effected Plaintiff's functional limitations. Hence, the ALJ properly considered the side effects and dosage changes of Plaintiff's medications.

///

///

///

## CONCLUSION AND ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed

1 | and the Complaint is dismissed.

2 | DATED  September 22, 2009

/ s /

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE